IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 4 2006

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

| | | |
|---|---|---|
| DONNA CORONA,<br>Plaintiff, | ) ) ) | Civil Action No. 7:06-cv-00659 |
| v. | ) ) | **MEMORANDUM OPINION** |
| LPN RUNOIN, et. al.,<br>Defendant(s). | ) ) ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Donna Corona, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In her complaint, Corona alleges that the defendants, a nurse and a doctor at the Rockingham County Jail,[1] deprived her of appropriate medical treatment while she was incarcerated in that facility. Specifically, she alleges that the nurse refused to give Corona her medications and the doctor refused to treat Corona for Hepatitis C. Corona also complains that there is a problem with her criminal case because the judge at the Rockingham County Circuit Court imposed a two-year sentence on her, despite her plea for help with mental health problems. She seeks $100,000 in monetary damages.

Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation

---

[1]Corona is now incarcerated at the Virginia Correctional Center for Women.

1

Dockets.Justia.com

resulted from conduct committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42 (1988). Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), but questions of medical judgment are not subject to judicial review. <u>Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975). Mere malpractice does not state a federal claim, <u>Estelle</u>, 429 U.S. at 105-106, nor does mere negligence in diagnosis. <u>Sosebee v. Murphy</u>, 797 F.2d 179 (4th Cir. 1986). To prove deliberate indifference, the inmate must show that the official knew that a substantial risk of harm existed and responded unreasonably to that risk. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Under these principles, Corona fails to allege facts stating any Eighth Amendment claim. Her allegations to not indicate that the nurse knew denial of Corona's medications would, or did, cause any significant risk of harm to Corona. Nor does Corona allege facts indicating how lack of the medication caused her any harm or suffering. Similarly, Corona does not allege facts indicating that the doctor knew Corona had symptoms caused by Hepatitis C that would have benefitted substantially from immediate treatment. Moreover, Corona's disagreement with the doctor's medical judgment that treatment was not warranted by her current condition is insufficient to state any claim of deliberate indifference. Accordingly, the court finds that plaintiff's medical complaints must be dismissed, pursuant to §1915A(b)(1), for failure to state a constitutional claim.[2] An

---

[2] Perhaps Corona intends to bring a claim that the nurse and doctor were negligent in their assessment and treatment of her known medical conditions. Such claims of negligence, however, do not state any claim under § 1983. To the extent that they might be actionable under state medical malpractice law, such state law claims are not actionable under § 1983 and the court declines to exercise supplemental jurisdiction over them, since all federal claims are being dismissed. <u>See</u> 28 U.S.C. § 1367( c).

appropriate order shall be issued this day.

Corona's complaint about her criminal sentence is not appropriately raised in a § 1983 civil rights action. When a state prisoner, though asserting jurisdiction under §1983, is challenging the fact or length of her confinement under a state criminal conviction, her sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). To the extent Corona is asking this court to review the proceedings in her state court criminal case, her remedy is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court could construe her current motion as a § 2254 petition and address her claims. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). She does not allege any specific ground on which she believes her criminal sentence is unlawful, however. In addition, if she has not yet exhausted her state court remedies, by presenting her claims to the appropriate state courts on direct appeal or in a state habeas petition, this federal court must dismiss the petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971). As Corona offers no indication that she has challenged her criminal conviction in the state courts, this court will not construe her current pleading as a § 2254 petition.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _14th_ day of November, 2006.

_James C. Turk_
Senior United States District Judge

3